## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RENEE BOHLEN,
5973 Bagdad Drive
Cincinnati, Ohio 45230

    Plaintiff,

vs.

LIFE INSURANCE CO. OF NORTH AMERICA
D/B/A CIGNA GROUP INSURANCE
1601 Chestnut Street
Philadelphia, Pennsylvania 19192-2235

    and

AMERICAN FINANCIAL GROUP, INC.
GROUP LONG TERM DISABILITY PLAN
C/O GREAT AMERICAN INSURANCE CO.
301 East Fourth Street
Cincinnati, Ohio 45202

    Defendants.

Civil No.: 1:18-cv-238

Judge:

Magistrate Judge:

**COMPLAINT**

## I.    PRELIMINARY STATEMENT

1.    This is a denial of benefits claim under the Employee Retirement Income Security Act (ERISA), §502(a)(1)(B), 29 U.S.C. §1332(a)(1)(B), with Plaintiff Renee Bohlen ("Plaintiff" or "Ms. Bohlen") seeking to recover all benefits due her under the terms of a group long-term disability insurance Plan ("Plan") that she had as a benefit of her employment with Great American Insurance Company, a participating employer in said Plan.

2.  The terms of the Plan were set forth in a policy of insurance, Policy No. LK0980039 ("the Policy"), issued or underwritten by Defendant Life Insurance Company of North America, a subsidiary of Cigna Corporation, in which the policyholder is American Financial Group, Inc.

3.  Plaintiff seeks all benefits due her under said Plan, and seeks to enforce her rights under the Plan, and enforce and/or clarify her rights to future benefits under the Plan and/or Policy.

## II. JURISDICTION

4.  This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331(federal question) and pursuant 29 U.S.C. §1132 (e)(1)("ERISA").

5.  Venue is proper in this court because both Defendants can be found in the Southern District of Ohio, Western Division, Cincinnati, and/or are otherwise doing business in this jurisdiction. 29 U.S.C. §1132(e)(2).

## III. ADMINISTRATIVE HISTORY

6.  On or about July 22, 2015, Ms. Bohlen, an employee of Great American Insurance Company, a division or subsidiary of American Financial Group, Inc., had to stop working due to certain medical conditions; after expiration of a waiting period specified in the Plan or Policy documents, Ms. Bohlen filed an application with Defendant Life Insurance Company of North America for payment of long-term disability insurance benefits under the Plan.

7.  Defendant Life Insurance Company of North America, the issuer of the Policy, was also listed as the claims fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to claims made under the Policy that it sold to

2

American Financial Group, Inc.; at all times relevant the claims handling was done by Cigna Group Insurance, with Defendant Life Insurance Company of North America thus doing business as Cigna Group Insurance.

8. Cigna Group Insurance ("Cigna"), on behalf of and/or acting for Defendant Life Insurance Company of North America, initially approved Ms. Bohlen's application for benefits.

9. Cigna paid benefits under the Plan or Policy to Ms. Bohlen, through January 19, 2017 based upon medical documentation provided by Ms. Bohlen's physicians.

10. On January 19, 2017, Cigna advised Ms. Bohlen that they had determined that her disability had ended as of such date, such that no further benefits would be paid by or under the Plan or Policy.

11. Ms. Bohlen timely appealed such determination and submitted additional records and reports in support of her claim of ongoing disability.

12. On June 21, 2017, Cigna sent a letter to Ms. Bohlen advising her that it was affirming its decision to terminate benefits under the Plan or Policy.

13. Ms. Bohlen timely appealed such further determination and submitted additional evidence in support of such appeal.

14. On February 28, 2018, Defendant Cigna by letter notified Ms. Bohlen that it was affirming its prior decisions terminating benefits under the Plan or Policy.

15. Ms. Bohlen has now exhausted all administrative remedies, with her only recourse now being the filing of this Complaint under ERISA.

## IV. PARTIES

16. Plaintiff, Renee Bohlen, is an individual and a resident of Hamilton County, Ohio; at all times relevant, Ms. Bohlen was an employee of Great American Insurance Company, a division or subsidiary of American Financial Group, Inc., the Plan sponsor.

17. At all times relevant, Ms. Bohlen worked as an employee of Great American Insurance Company at its offices located in Hamilton County, Ohio, in this judicial district.

18. As an employee of Great American Insurance Company, Ms. Bohlen was a participant in the aforementioned group long term disability insurance Plan, such being the Plan previously described herein, such Plan being administered and/or insured under Group Policy #LK-0980039, a policy which Ms. Bohlen's employer, American Financial Group, Inc., purchased from Defendant Life Insurance Company of North America.

19. The type of Plan was a welfare benefit Plan providing group long-term disability insurance coverage to employees of the participating employers.

20. Ms. Bohlen meets the criteria for continued payment of disability benefits under the Plan or Policy.

21. Defendant Life Insurance Company of North America, on information and belief, is a mutual life insurance company incorporated and/or headquartered in the state of Pennsylvania

which, among other things, sells, issues and/or administers group long-term disability insurance policies; Defendant Life Insurance Company of North America, on information and belief, is an operating subsidiary of Cigna Corporation, with its group long-term disability insurance claims being administered and/or handled by Cigna Group Insurance ("Cigna").

22. Defendant Life Insurance Company of North America issued an insurance policy, namely Group Policy No. LK-0980039, which provides group long-term disability insurance benefits to covered employees of American Financial Group, Inc. as a health and welfare benefit Plan furnished by such company to its employees.

23. The American Financial Group, Inc. long-term disability insurance Plan delegated to Defendant Life Insurance Company of North America, operating as Cigna Group Insurance, full authority to make benefit determinations under the Plan, including decisions with respect to eligibility for benefits; as such and/or as the payor of benefits under the Plan, Defendant Life Insurance Company of North America is a proper party defendant in this case.

24. Defendant Life Insurance Company of North America is actively doing business in the Hamilton County, Ohio area, and accordingly can be found in the Southern District of Ohio, Western Division, such that this Court has jurisdiction over the dispute and venue is appropriate in this case.

25. Defendant Life Insurance Company of North America has now definitively denied payment of further long-term disability insurance benefits to Ms. Bohlen under the Plan or Policy beyond January 19, 2017.

26. The American Financial Group, Inc. long-term disability insurance Plan provided a specific benefit to employees of American Financial Group, Inc. and its divisions or subsidiaries; as such, the Plan is a proper party Defendant in this case.

27. Because both Great American Insurance Company and American Financial Group, Inc. have offices in Hamilton County, Ohio, jurisdiction and venue are appropriate with this Court.

## V. STATEMENT OF CLAIMS

28. At all times relevant, Plaintiff was employed by Great American Insurance Company, a participating employer in the Plan.

29. As an employee of Great American Insurance Company, Plaintiff was covered under the ERISA group long-term disability insurance Plan referenced previously herein, the terms of which were set forth in the Policy of insurance also referenced previously herein, with Defendant Plan granting Defendant Life Insurance Company of North America, operating as Cigna Group Insurance, the discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan.

30. On or about July 22, 2015 Ms. Bohlen had to stop working due to a medical disability and applied for and was granted benefits under the Plan, with benefits thereafter being paid under

the Policy through January 19, 2017 at which time Cigna, on behalf of Defendant Life Insurance Company of North America, advised her that no further benefits would be paid, as herein recounted, leading to the administrative appeals referenced herein.

## VI. COUNT I

31. Plaintiff hereby incorporates by reference paragraphs 1 through 30 as fully rewritten herein.

32. Defendants are liable to Plaintiff for payment of long-term disability insurance benefits under the Plan or Policy from January 20, 2017 to present and continuing.

33. The termination of benefits by Cigna, acting on behalf of Defendant Life Insurance Company of North America, and the consequent refusal to pay further benefits under the Plan or Policy to Plaintiff from January 20, 2017 to present and ongoing, was both arbitrary and capricious.

34. Defendant Life Insurance Company of North America, operating as Cigna Group Insurance, had a dual role as both the issuer of the group disability insurance policy in question and as the administrator of the Plan; therefore, Defendant Life Insurance Company of North America had a dual role in terms of both evaluating Ms. Bohlen's claim for eligibility and in terms of having to pay benefits to her, thereby creating an inherent conflict of interest.

35. The administrative claims record, when reasonably considered as a whole, shows that Plaintiff has not been capable of performing her own occupation or any other occupation on a sustained or meaningful basis.

36. Defendants have acted arbitrarily and capriciously in failing to fairly or properly evaluate Ms. Bohlen's claim of ongoing disability under the Plan or Policy.

37. Defendants have improperly denied Plaintiff's claim for ongoing benefits from January 20, 2017 forward, this in violation of the appropriate standards under ERISA and/or based upon common law interpretation of the Plan or Policy, and/or have breached the terms of the Plan and/or Policy.

38. Due to the conduct of both Defendants, Plaintiff has suffered a past loss of benefits, is suffering a present loss of benefits and will suffer a future loss of benefits or will incur attorney fees and costs in seeking to enforce her rights under the Plan or Policy.

## VII. DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff, Renee Bohlen, demands relief against Defendant Life Insurance Company of North America and against the American Financial Group, Inc. long-term disability insurance Plan, jointly and severally, as follows:

1. Accrued and ongoing long-term disability insurance benefits payable under the Plan or Policy, including any applicable cost of living adjustments;

2. Attorney fees and costs;

3. Interest;

4. Statutory damages;

5. Any and all legal and/or equitable relief to which Plaintiff may be deemed entitled.

Respectfully submitted,

*/s/ Edward C. Ahlers*
Edward C. Ahlers (0014940)
CROWLEY, AHLERS & ROTH CO., L.P.A.
414 Walnut Street, Suite 707
Cincinnati, OH 45202
(513) 621-1652 - Phone
(513) 621-8430 - Fax
Email: eahlers@ohio-comp.com
Attorney for Plaintiff, Renee Bohlen